UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD J. STACHOWSKI,              Case No. 14-11425

       Plaintiff,                        Stephen J. Murphy
v.                                              United States District Judge

COMMISSIONER OF SOCIAL SECURITY,    Michael Hluchaniuk
                                                      United States Magistrate Judge
       Defendant.
_____/

**REPORT AND RECOMMENDATION TO REMAND
UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)**

**I.    PROCEDURAL HISTORY**

       A.     Proceedings in this Court

On April 8, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's decision that an overpayment of Title II benefits in the amount of $33,379.50 was not waived and that he is liable pursuant to § 204(a)(1)(A) of the Social Security Act. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Stephen J. Murphy referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's waiver request. (Dkt. 3). Plaintiff filed a motion for summary judgment on October 3, 2014. (Dkt. 12). On December 10, 2014, the Commissioner filed a motion to remand pursuant to 42

1

U.S.C. § 405(g), asking the court to enter a judgment reversing its decision and remanding the cause to the Commissioner for further administrative proceedings. *See Shalala v. Shaefer*, 509 U.S. 292, 296, n. 1 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Plaintiff filed a reply. (Dkt. 16).

    B.    <u>Administrative Proceedings</u>

According to the summary in the administrative proceedings, plaintiff is an individual who began receiving disability insurance benefits (DIB) on April 1, 2003. (Dkt. 9, at 1). On October 30, 2010, the Social Security Administration (SSA) notified plaintiff that he was overpaid Title II benefits in the amount of $33,379.50 from May 1, 2009, to September 30, 2010. (*Id.*) Plaintiff and his son continued to receive DIB payments despite the decision of the administrative law judge that plaintiff's benefits had ended on December 1, 2006. (*Id.*) Almost four years later, on November 19, 2010, plaintiff requested a waiver of the overpayment, stating that he was not at fault in causing the overpayment. (*Id.*) A conference was held on February 2, 2011; however, the field office subsequently denied plaintiff's request for a waiver on March 16, 2011. (*Id.*) Thereafter, plaintiff filed a request for a hearing. (*Id.*) Plaintiff appeared and testified at the hearing held on March 23, 2012. (*Id.*) Although informed of his right to representation, plaintiff chose to represent himself. (*Id.*)

    Administrative Law Judge ("ALJ") Melody Page presided at the hearing and

concluded that plaintiff and his son were overpaid benefits in the total amount of $33,379.50 during the period May 1, 2009 to September 30, 2010. (*Id*. at 1-2).[1]
The ALJ also determined that plaintiff was at fault for causing the overpayment. (*Id*. at 2). Finally, the ALJ determined that the overpayment is not waived, and that plaintiff is liable for repayment of the overpayment during the period May 1, 2009, to September 30, 2010. (*Id*.)

## II. RECOMMENDATIONS & CONCLUSION

The Commissioner has asked the court for a sentence four remand pursuant to 42 U.S.C. § 405(g). (Dkt. 14). In its motion, the Commissioner contends that further administrative action is warranted in this case. (*Id*. at 3). Specifically, the Commissioner asks the court to remand the matter to the Appeals Council, which will instruct the ALJ to offer plaintiff the opportunity for a new hearing. (*Id*.) The

---

[1] Plaintiff was found to be disabled with a disability onset date of October 29, 2002, and an end date of December 2, 2006. (Dkt. 9, at 2). Plaintiff requested that his benefits (and those he received on behalf of his son) be continued pending the outcome of the appeal of the decision that his disability had ceased. (*Id*.) Plaintiff indicated that he understood that if he lost the appeal, he would be required to pay the money back, including all checks received after his period of disability had ended. (*Id*.) ALJ Melvyn Kalt issued a decision on April 30, 2009, that affirmed the cessation of disability date. (*Id*.)

Due to a clerical error, the SSA did not notify plaintiff until October 30, 2010 that he had been overpaid $53,302.60 for the period April 2007 to September 2010 and an additional $26,656 for his son for the same period. (*Id*.) On November 19, 2010, plaintiff requested a waiver of the overpayment. (*Id*.) On March 16, 2011, plaintiff was found to be "without fault" in causing the overpayments to himself and his son for the period April 2007 to April 2009. However, plaintiff was found to be "at fault" for the overpayments to himself and his son for the period May 2009 to September 2010, reducing his overpayment to $22,261.50 and his son's overpayment to $11,118. (*Id*.) It is these overpayments that are at issue in plaintiff's lawsuit here.

Commissioner says that the ALJ should also be instructed to reassess plaintiff's request for a waiver of overpayment, paying particular attention to: (1) plaintiff's election to continue receipt of benefits during the pendency of his disability cessation appeal; (2) the notices plaintiff received from SSA explaining that his request to receive continuing payments had been approved; and (3) the paperwork plaintiff submitted which explained to him that he might not have to pay back the benefits if his appeal was made in good faith. (*Id*. at 4). The Commissioner also noted that the ALJ should be required to issue a new decision explaining whether plaintiff was at fault in receiving the overpayment and, if not, assessing whether recovery of the overpayment would defeat the purpose of Title II of the Social Security Act, or be against equity or good conscience. *See* 42 U.S.C. § 404(b). Plaintiff's reply did not indicate an opposition to the Commissioner's motion to remand to the Appeals' Council. (Dkt. 16).

Taking the above into consideration, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Dkt. 12) be **DENIED**, that Defendant's Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Dkt. 14) be **GRANTED**, and that, pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner of Social Security be **REVERSED** and **REMANDED** for further proceedings consistent with this report and recommendation.

The court also **RECOMMENDS** that the Appeals Council should instruct

the ALJ to proceed as specified in the Commissioner's motion, paying attention to the factors the Commissioner listed in reassessing plaintiff's request for a waiver of overpayment, and by issuing a new decision in accordance with Title II and 42 U.S.C. § 404(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

5

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 31, 2015                    s/Michael Hluchaniuk
                                                     Michael Hluchaniuk
                                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 31, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Richard J. Stachowski, 812 E. 11 Mile Road, Madison Heights, MI 48071.

                                                            s/Tammy Hallwood
                                                            Case Manager
                                                            (810) 341-7887
                                                            tammy_hallwood@mied.uscourts.gov